**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| U.S.A. Parking System, Inc., | ) | CASE NO. 1:09 CV 2274 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Pitney Bowes Global Fin. Services, Inc., | ) | **Memorandum of Opinion and Order** |
| *et al.*, | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 25). This case arises out of a lease between the parties. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiff, U.S.A. Parking System, Inc., filed this class action lawsuit against defendants, Pitney Bowes Global Financial Services, LLC ("defendant"), Pitney Bowes Credit Corporation, and Pitney Bowes, Inc., alleging wrongdoing in connection with the payment of late fees under a lease between plaintiff and defendant.

1

Plaintiff leased certain postage equipment from defendant pursuant to a written lease. The lease provides in relevant part, as follows,

> 8. Late Payments/Returned Items.  If any payment under this lease is not paid in full on or before its due date, you will be charged the applicable administrative fee assessed on delinquent accounts.  You also agree to pay interest on any payment delinquent under this Lease from its due date until paid in full at the lesser of 18% per year or the maximum rate allowed by law.

(Doc. 24-1 at p.5).

Although not expressly alleged, it appears that plaintiffs failed to make timely lease payments.  As a result, defendant charged plaintiff a fee.  The fee "exceeded 10% per month of the Lease charge," and "the charge was equivalent to one hundred seventy five percent (175%) per annum."  Plaintiff paid all of the administrative fees and interest charges.  Plaintiff audited its accounts and, thereafter, filed this lawsuit.  The complaint contains no separately identified claims.  Rather, it contains the heading "Cause of Action," under which plaintiff alleges that the fees it paid were "commercially unreasonable," "procedurally and substantively unconscionable," and "truly liquidated damages."  Plaintiffs further allege that they made the payments under duress.

Defendants move to dismiss the lawsuit and plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint

must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6 th Cir.2009).

**ANALYSIS**

Defendants move to dismiss the complaint on the grounds that plaintiff fails to state a claim for which relief may be granted. Specifically, defendants argue that the complaint does not contain any claim cognizable under Ohio law. According to defendants, plaintiff uses an

3

assortment of terms in an attempt to allege either "unconscionability" or "money had and received." Defendants argue that unconscionability is not a claim under Ohio law. Rather, it is an affirmative defense to a breach of contract claim. In addition, defendants argue that plaintiff failed to plead that the lease was unconscionable. Defendants also argue that a claim for "money had and received," sounds in quasi-contract. Where an express contract exists governing the same subject matter, quasi-contractual claims fail. In the alternative, defendants allege that the voluntary payment doctrine bars plaintiff's "claims."

In response, plaintiff argues that the gravamen of the complaint is that the late charges are tantamount to an unenforceable liquidated damages provision. Plaintiff points out that the lease does not identify a specific amount or formula regarding the administrative fee. Plaintiff argues that the liquidated damages provision set forth in R.C. § 1310.50 "governs" the case. Plaintiff also points out that R.C. § 1301.09 imposes an obligation of "good faith." Plaintiff goes on to claim that defendant's position that "unconscionability" is an affirmative defense is incorrect. According to plaintiff, R.C. 1310.54(D) indicates that the damages set forth in 1310.65(D) may be recovered in cases of breach of express or implied warranty. Plaintiff claims that there is "no reason" that this provision would not include restitution as a remedy. In the alternative, plaintiff argues that even if it lacks an affirmative cause of action, it may seek declaratory relief. In its brief, plaintiff indicates that it seeks restitution on the basis of unjust enrichment. Plaintiff further claims that the voluntary payment doctrine is inapplicable.

Upon review, the Court finds that defendant's motion must be granted. Although, Ohio law recognizes unconscionability as a defense to a breach of contract action, there is no indication that Ohio recognizes an affirmative "claim" for unconscionability in the contract law

arena. In a nearly identical case, the Southern District of Ohio addressed the issue as follows,

> Section 1310.06(a) provides: If a court as a matter of law finds...any clause of a lease contract to have been unconscionable at the time it was made, the court may refuse to enforce the lease contract, may enforce the remainder of the lease contract without the unconscionable clause, or may so limit the application of the unconscionable clause as to avoid any unconscionable result. Although unconscionability can provide an affirmative defense to a contract claim, and the statutory remedy suggests three remedies to a pending contractual obligation...it does not provide a cause of action to a completed contract. In fact, in a case applying Ohio's Uniform Commercial Code provisions, the Eleventh Circuit found no case in which a damage award was based on an unconscionable contract.

*Cook v. Home Depot U.S.A., Inc.*, 2007 WL 710220 (S.D. Ohio March 6, 2007)(internal citations and quotations omitted).

The Court agrees with the analysis in *Cook*. Section 1310.06(a) outlines the options the Court may take upon a finding of unconscionability: (1) refuse to enforce the lease contract; (2) enforce the lease without the unconscionable term; or (3) limit the unconscionable term. Nowhere does the statute provide that a party may recover damages by asserting a "claim" for "unconscionability." Plaintiff cites no law in support of its position that, on the facts of this case, Ohio would recognize "unconscionability" as an affirmative claim for relief.

Even if such a claim existed, plaintiff fails to allege sufficient facts in support of the claim. As defendants point out, in order to establish unconscionability, plaintiff must prove both procedural and substantive unconscionability. *Lynn v. McKinley Ground Transport, L.L.C.*, --- N.E.2d ----, 2009 WL 3838259 at * 2 (Ohio Ct. App. 5th Dist. 2009). Substantive unconsionability consists of "unfair and unreasonable contract terms," while procedural unconscionability involves "individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible." *Id*. (Citations and quotations omitted). "One must allege and prove a "quantum" of both prongs in order to

5

establish that a particular contract is unconscionable." *Id*. (Citations omitted.)

Defendant correctly points out that the complaint lacks any allegation regarding procedural unconscionability.  At best, plaintiff alleges that the late fee is not disclosed in the lease.  Of course, the "nondisclosure" is readily apparent from reading the lease and plaintiff actually paid the fees.  There are no allegations regarding the bargaining power of the parties or the negotiations leading up to the signing of the lease.  Although plaintiff alleges that the lease is a contract of adhesion, plaintiff also alleges that all parties are business entities and there is nothing suggesting that this was anything other than an arms length transaction.  Not only does the complaint lack any allegations supporting procedural unconscionability, plaintiff wholly fails to address this argument in its brief in opposition.  Accordingly, even if an affirmative claim for unconscionability exists, plaintiff fails to properly plead the claim and, therefore, dismissal is warranted.

In its brief, plaintiff appears to argue that it should be entitled to declaratory relief.  Although this Court is not convinced jurisdiction would exist over such a claim, the Court need not address the issue since the complaint contains no such claim.

Although the complaint does not expressly contain a claim for "unjust enrichment," Paragraph 39 alleges that "[d]efendants have wrongfully 'had and received'....substantial sums of money in administrative fees or late fees."  "An action for 'money had and received' is a claim in quasi-contract which, in turn, is based upon the equitable doctrine of unjust enrichment. *Drozeck v. Lawyers Title Ins. Corp.*, 749 N.E.2d 775, 780 (Oh. Ct. App. 8th Dist. 2000)(citing *Hummel v. Hummel,* 14 N.E.2d 923, 926 (Ohio 1938)).  Defendants argue that plaintiff cannot succeed on this theory because an express contract exists governing the same subject matter.

6

This Court agrees with defendant. It is well settled that a party may not recover in quasi-contract in the face of an express contract governing the same subject matter. *Ullmann v. May*, 72 N.E.2d 63 (Ohio 1947), *paragraph four of the syllabus. See also Joseph Oldsmobile/Nissan, Inc. v. Tom Harrigan Oldsmobile, Inc.*, 1995 WL 276804 (Ohio App. 2nd Dist. May 10, 1995) (citing *Williams v. Goodyear Aircraft Corp.*, 85 N.E.2d 601 (Ohio App. 9th Dist. 1948)); *City of Cincinnati v. Cincinnati Reds*, 483 N.E.2d 1181 (Ohio App. 1st Dist. 1984)); *Randolph v. New England Mut. Life Ins. Co.*, 526 F.2d 1383, 1387 (6th Cir. 1975). In this case, the parties' agreement contrains a provision addressing late fees. In light of this provision, plaintiff cannot fall back on a theory of unjust enrichment in an effort to avoid the fees. Accordingly, to the extent the complaint contains claims for "money had and received" or unjust enrichment, the claims must be dismissed.[1]

Having concluded that the complaint fails to state a claim for which relief may be granted, the Court need not reach defendant's alternative argument that the voluntary payment doctrine bars plaintiff's claims for relief.

### **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 25) is GRANTED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/8/10

---

[1] In its brief, plaintiff also argues that it is entitled to "restitution." Restitution, however, is a remedy not a claim.